UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re:<br><br>George W. and Vivian English Lee<br>    Debtors | Bankruptcy Case No. 06-31070 |
| George W. and Vivian English Lee<br>    Plaintiffs<br><br>vs.<br><br>Southstar Funding, LLC d/b/a<br>Capital Home Mortgage; Select Portfolio<br>Servicing, Inc; Bank of New York, as<br>Trustee for the holders of the EQCC<br>Asset Based Certificates, Series 2001-2<br><br>    Defendants | Chapter 13<br><br>Adv. Proc. No. 06-03266<br><br>District Court No. 3:07-CV-61 |

## **CONSENT ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING APPEAL**

This matter comes before the Court on the joint request of the parties for the approval of a settlement agreement and for dismissal of the appeal pursuant to Federal Rule of Bankruptcy Procedure 8001(c). The parties have reached a settlement of the case and a copy of the executed settlement agreement and loan modification agreement is attached hereto as <u>Exhibit A</u>. Each side was represented by counsel in negotiating the settlement agreement. Wherefore, the parties, through their signatures below, request that the Court approve the settlement agreement and dismiss this appeal.

Accordingly, it is hereby ORDERED that (a) the settlement agreement is APPROVED, and (b) this appeal is DISMISSED.

CLT 1045085v1

CONSENTED TO:

/s/ Andrea Young Bebber
ANDREA YOUNG BEBBER
1515 Mockingbird Lane
Charlotte, NC 28209
P.O. Box 220464
Charlotte, NC 28222-0464
(704) 521-1399
(704) 521-1360 (fax)
*Counsel for Appellants*

/s/ William L. Esser IV
Michael G. Adams (N.C. #16528)
William L. Esser IV (N.C. #29201)
PARKER POE ADAMS & BERNSTEIN LLP
401 South Tryon Street
Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
mikeadams@parkerpoe.com
willesser@parkerpoe.com
*Counsel for Appellees*

SO ORDERED.

This 18th day of May, 2007.

Honorable Robert J. Conrad
Chief United States District Court Judge

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Agreement") is made and entered into this the _____ day of March 2007, by GEORGE W. LEE and VIVIAN ENGLISH LEE (collectively, the "Plaintiffs") and BANK OF NEW YORK AS TRUSTEE FOR THE HOLDERS OF THE EQCC ASSET BASED CERTIFICATES, SERIES 2001-2 and SELECT PORTFOLIO SERVICING, INC. (collectively, the "Defendants"). The Plaintiffs and the Defendants are collectively referred to as the "Parties".

### RECITALS

WHEREAS, Plaintiffs filed an adversary proceeding captioned *Lee v. SouthStar Funding., LLC et. al.* (Adv. Proc. no. 06-03266) in the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court"); and

WHEREAS, the Bankruptcy Court entered an order granting Defendants' motion to dismiss the Action; and

WHEREAS, Plaintiffs filed a notice of appeal to the United States District Court for the Western District of North Carolina (the "Court"), case no. 07-CV-61 (the "Action"); and

WHEREAS, the Parties have agreed to resolve the Action, pursuant to the terms of this Agreement.

### AGREEMENT

NOW, THEREFORE, in consideration of the Recitals and mutual covenants contained in this Agreement and other good and valuable consideration, the Parties agree as follows:

1. **Modification of Promissory Note.** Plaintiffs shall execute the Loan Extension and Modification Agreement attached hereto as Exhibit A.

2. **Dismissal of Claims.** Upon execution of this Agreement and entry of an order by the Court approving this settlement, Plaintiffs shall execute and file a voluntary dismissal with prejudice of all claims asserted against Defendants in the Action

3. **Allowance of Proof of Claim.** The secured proof of claim filed by SPS in the Plaintiffs' bankruptcy case shall be allowed in the amount of $122,988.22 (comprised of $106,376.94 in the amount of the modified promissory note, plus $16,620.28 in arrearages).

4. **Arrearages Paid Inside the Debtors' Plan / Payment of Money Held by Chapter 13 Trustee.** The Plaintiffs shall direct the Chapter 13 Trustee to release to SPS those funds which were escrowed pending the completion of the Action. These amounts will be applied by SPS against outstanding post-petition indebtedness, but not against the modified promissory note or the arrearage amount. The Plaintiffs will amend their Chapter 13 plan to provide for the payment of SPS's arrearage of $16,620.28 within the plan. Interest will accrue on the arrearage amount at the rate of 9.75%.

CLT 1032474v2

EXHIBIT A

5. **Release.** The Plaintiffs and their respective heirs, successors, and assigns hereby release and discharge Defendants and their respective shareholders, directors, officers, employees, representatives, and agents, and their respective heirs, successors, and assigns, from any and all obligations, liabilities, damages, claims, causes of action, losses, damages, costs, expenses, and attorneys' fees of every kind and nature, in law or in equity, whether the facts on which the same may be based are now known or unknown, which the Plaintiffs ever had, now have, or hereafter may have, for, on account of, or by any reason of any action, transaction, occurrence, omissions, relationship, matter, cause or thing whatsoever existing as of the date of this Agreement. Notwithstanding this release, nothing herein shall release Defendants' obligations under this Agreement.

6. **No Admission of Liability.** The Parties understand and agree that this Agreement is a compromise of actual and possible disputes and claims, known or unknown, and is not to be construed as an admission of liability on the part of any party. The Parties hereby expressly deny liability or responsibility for all such claims.

7. **Accord and Satisfaction.** This Agreement is an accord and satisfaction of all of the obligations and claims between the Parties in the Action.

8. **Acknowledgement.** The Parties represent that they have had adequate opportunity to consider the terms of this Agreement, and that this Agreement is being entered into of their own free will, and not based on any coercion or inducements made by the other party. Each party has been represented by counsel in negotiating this Agreement.

9. **Governing Law.** This Agreement shall be enforced and interpreted according to the laws of the State of North Carolina excluding any choice of law rule, which would direct the application of the law of any other jurisdiction.

10. **Entire Agreement.** This Agreement is a full settlement of the claims between the Parties and contains the entire agreement of the Parties and supersedes all previous and contemporaneous agreements, negotiations and understandings, whether written or oral. This Agreement may be modified only by a written agreement, signed by the Parties, expressly modifying this Agreement.

11. **Negotiated Settlement Agreement; Severability.** This Agreement has been negotiated between the Parties. In the event of any dispute over the interpretation of this Agreement, there shall be no rule of construction requiring that the Agreement be construed in favor of or against either of the Parties. In case any one or more provisions of this Agreement shall be invalid, illegal and unenforceable in any respect, the validity, legality and enforceability of the remaining provisions in this Agreement will not in any way be affected or impaired thereby.

12. **Payment of Costs and Fees.** Each side shall bear its own costs and expenses.

13. **Counterparts.** This agreement may be signed in counterparts, and facsimile signatures are acceptable.

IN WITNESS WHEREOF, the Parties have executed this Agreement under seal as of the date first written above.

**GEORGE W. LEE**

*/s/ George W. Lee*

**VIVIAN ENGLISH LEE**

*/s/ Vivian English Lee*

**BANK OF NEW YORK AS TRUSTEE FOR THE HOLDERS OF THE EQCC ASSET BASED CERTIFICATES, SERIES 2001-2**

by Select Portfolio Servicing, Inc., its Attorney in fact

By: _____ (Print name) Garon L. Cajikant
Its: _Senior Counsel_ (Print title)


**SELECT PORTFOLIO SERVICING, INC.**

By: _____ (Print name) Garon Cajikant
Its: _Senior Counsel_ (Print title)

3

CLT 1032474v2

## LOAN EXTENSION AND MODIFICATION AGREEMENT

This Loan Extension and Modification Agreement ("Agreement"), made this _____ day of March, 2007 between GEORGE LEE and VIVIAN L. LEE ("Borrowers") and EquiCredit Corporation of America, as Assignee of SouthStar Funding, L.L.C. ("Lender"), amends and modifies the Mortgage ("Security Instrument"), dated July 10, 2000, in the State of North Carolina and the Note in the original principal amount of $105,300.00 dated the same date and secured by the Security Instrument, which is secured by the property located at 5522 Amity Place, Charlotte, NC 28212 ("Property").

The Security Instrument, which is modified hereby, was recorded in the official land records of Mecklenburg County, North Carolina, in Book 11425, page 107-116.

Borrowers and Lender agree that the Note and Security Instrument are modified as follows:

**1. Borrowers' Agreement About Obligations Under The Note And Security Instrument.**
Borrowers agrees to keep all of the promises and agreements made in the Note and Security Instrument, together with promises and agreements as modified by this Agreement.

**2. Agreement To Change Terms Of The Note**
Lender and Borrowers agree to modify the terms of the Note as follows:

    **a.    Borrowers' Promise to Pay Principal and Interest**
Borrowers promise to pay the principal balance under the Note, plus interest, to the order of Lender. The unpaid principal balance shall be adjusted to U.S. $106,367.94. Interest will be charged on unpaid principal balance at a fixed yearly interest rate of 9.750% until the full amount of principal has been paid.

    **b.    Payments**

Borrowers promise to make monthly payments of principal and interest in 291 successive monthly installments with the first such installment in the amount of $954.87* due on the 1st day of May 2007, successive installments shall be due on the 1st day of each succeeding month thereafter. Borrowers will make these payments every month until all of the principal and interest and any other charges that may be owed under this Agreement and the Note are paid in full. Monthly payments will be applied to interest before principal. If on July 1, 2031, Borrowers still owes amounts under this Agreement or the Note, Borrowers will pay those amounts in full on that date, which is called the "maturity date."

*The payment amount stated above is **principal and interest only** and does not include any advance made on behalf of the Borrowers. Future advances for taxes and/or insurance will remain the responsibility of the Borrowers.

Borrowers will make monthly payments at PO Box 65450, Salt Lake City, UT 84165-0450, or at a different place if required by the Lender.

CLT 1039500v1

### 3. Agreement to Comply with Terms of Note and Security Instrument

Borrowers agree to waive any defense to a future foreclosure action based on alleged conduct by Lender and/or Servicer arising prior to the date of this Agreement. Borrowers agree that in the event of default under the Note and Mortgage as modified, if said default is not cured within 90 days, Borrowers shall grant to Lender a deed in lieu of foreclosure.

The Borrowers agree to comply with all other covenants, agreements and requirements of the Note and the Security Instrument, including but not limited to the Borrowers' agreements to make all payments of taxes, insurance premiums, assessments, and all other payments Borrowers are obligated to make under the Note and Security Instrument.

Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and/or Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrowers and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

By signing this Agreement, Lender and Borrowers agree to all of the above.

EquiCredit Corporation of America
Lender

By _____

Borrowers: GEORGE LEE

Borrowers: VIVIAN L. LEE

CLT 1039500v1